SCHUETZ, Appellant, vs. SCHUETZ and others, Respondents.

*January 9—February 4, 1941.*

For the appellant there were briefs by *Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan.*

*Alvin M. Strnad,* attorney, and *Harry M. Silber* of counsel, both of Milwaukee, for the respondents.

WICKHEM, J. This appeal raises the question whether one who advances money to discharge an existing mortgage and makes improvements to the lands of another may by reason of her supposition, however unfounded, that she had some sort of an interest in the property be treated otherwise than as a volunteer and subrogated to the rights of the mortgagee. It is clear enough that plaintiff is not entitled to recover for the improvements on any such theory.

Plaintiff was married to defendant Victor Schuetz in 1927 and lived with him as his wife until the fall of 1937. In 1939 she obtained a divorce. Adeline Schuetz is the mother and Viola Jorgensen the sister of Victor Schuetz. In 1930, Adeline Schuetz was the owner of the real estate involved in this action. The property consisted of a lake lot on Tichigan lake in Racine county on which there was a summer cottage. On March 28, 1930, Adeline Schuetz conveyed the property by separate deeds to Victor Schuetz and Viola Jorgensen subject to an outstanding mortgage of $1,400, which the

grantees assumed. These deeds were recorded. At the same time or immediately thereafter, Viola and Victor, with plaintiff joining to release her dower, executed deeds of reconveyance to Adeline Schuetz. Plaintiff claims that she did not read these and that she signed at the instance of her husband and upon the representation that the purpose was merely to make the conveyance to Victor and Viola legal. The deeds of reconveyance were not recorded until April 29, 1938. After these conveyances, Victor, Viola, plaintiff, and Adeline Schuetz used the cottage on week ends during the summer months to the end of the 1937 season. On the 23d of May, 1932, the mortgagee requested a part payment on the mortgage, and Victor took the matter of payment up with plaintiff and with his sister. Plaintiff paid the mortgage in May, 1932. Thereafter, plaintiff expended about $400 in improvements on the cottage and paid taxes for the four years beginning with 1933. In March, 1939, plaintiff was awarded a judgment of divorce. In that action the trial court found that the plaintiff made the payments heretofore mentioned in the belief that these payments would result "to her benefit as the owner in fee of certain real estate as the wife of the defendant Victor Schuetz, who then appeared as one of the owners in fee of certain premises." As a conclusion of law the court found that plaintiff was entitled to judgment against defendant in the sum of $2,000 as a full and final division of estate, and that plaintiff have as security certain policies of insurance upon the life of defendant Victor Schuetz in the amount of $2,000. Victor Schuetz was enjoined from changing the beneficiary on these policies. Plaintiff thereafter started this action in which she seeks to be subrogated to the lien of the mortgagee and to have such other relief as will make the real estate in question a security for her advancements.

The trial court found that the case was governed by *Bank of Baraboo v. Prothero,* 215 Wis. 552, 558, 255 N. W. 126, in which this court states that "a volunteer is not entitled

to be subrogated, even though his advance discharges a mortgage and was intended to be applied to that purpose, and that the right of a party to subrogation, by reason of advances made to a debtor, depends upon (1) his being secondarily liable; or (2) the necessity for acting to protect his own interests; or (3) the agreement that he is to have security." The trial court found, and it is the undisputed fact, that none of these requisites are present, and that would seem to dispose of this appeal were it not for the contention that the case of *Iowa County Bank v. Pittz,* 192 Wis. 83, 211 N. W. 134, is controlling in the situation here disclosed.

In that case plaintiff bank brought action to foreclose two mortgages, one executed in 1921 and the other in 1924, secured by a farm. Defendant Pittz by cross complaint sought to be subrogated to the rights of a mortgage executed in 1912. The facts were that one of the defendants had purchased the farm in question in 1911, and had given a purchase-money mortgage to the grantor in the sum of $10,500. In 1914, the mortgagee assigned the mortgage to one Schaumberg, and Pittz, who was Schaumberg's son-in-law, advanced $3,500 to assist in its purchase. In 1919, the mortgagor sold the land to his son under land contract for $18,945. In 1921, however, the mortgagor gave plaintiff bank notes in the amounts of $4,724.04 and $3,287.60, respectively, and executed a mortgage on the same farm to secure them. In March, 1922, the purchase-money mortgage held by Schaumberg became due and Pittz advanced the amount necessary to discharge this indebtedness to Schaumberg, taking a note from the mortgagor for the full sum of the mortgage. This note was secured by a mortgage on the farm, it being represented to Pittz that the original mortgagor still owned the farm and that there were no incumbrances on it. Pittz made no examination of the record at this time. In 1924, Pittz learned of the bank's mortgage and that his 1922 mortgage was of no value. In 1924, a new mortgage was

executed to Pittz, and the mortgage of 1922 was satisfied. The trial court held that by reason of gross negligence on the part of defendant Pittz he was not entitled to be subrogated to the lien of the original purchase-money mortgage. It was held on appeal that this conclusion was error; that Pittz was not a volunteer but had a direct financial interest in the fund represented by the mortgage; that his equities were superior to those of the bank; and that he was entitled to subrogation. The court says that even in such an extreme case of negligence, there being no equities equal or superior to those of Pittz, he is entitled to a paramount lien. The court states that the doctrine of subrogation permits one dealing with an interest or supposed interest in property to be placed in the same position as the person whose prior lien was discharged. In Restatement, Restitution, § 54 (1), it is said:

"A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, acting because of an erroneous belief induced by a mistake of law that he is thereby releasing property of his own from a claim, is entitled to restitution from such other of the value of the benefit conferred up to the value of what is given, unless the other disclaims the transaction."

Upon the basis of the *Pittz Case, supra,* and the law as set forth in the Restatement, it is evident that one who, under the erroneous belief induced by mistake of law that he was releasing property of his own from a claim, paid the claim and thereby released the property of another is not a volunteer and is entitled to be subrogated to the rights of the discharged claimant unless some superior equity has intervened. This is not in conflict with the *Prothero Case.* Where a person as a result of a mistake of law supposes himself to have an interest in land he is treated by the cases as having such interest for the purpose of subrogation and as being within subdivision (2) of the rule in the *Prothero Case.* The difficulty here

is to find any facts that will bring this case within the rule. The property here involved had been conveyed, not to plaintiff, but to her husband and to his sister. This much plaintiff concedes she knew. There was an immediate reconveyance to defendant Adeline Schuetz, plaintiff joining in the deed. Plaintiff claims that she did not know what the paper was or what was its legal effect. The trial court found against plaintiff on this issue, and in view of plaintiff's intelligence and training in business matters we cannot say that the court was bound to give credit to her testimony. Plaintiff claims that she was told by her husband that if she paid the mortgage they would own the property. This is denied by the husband, and the court found that no such representations were made. The court further found that plaintiff was never requested by the defendants Violet Jorgensen and Adeline Schuetz either to make improvements or pay the mortgage and that in fact they did not know of the payments or improvements until after they were made. We discover no basis upon which these findings can be disturbed and they destroy any possibility of concluding that plaintiff paid the mortgage under the mistaken belief that she had and was protecting an interest in the property. The finding that Viola Jorgensen and Adeline Schuetz did not request the payment of the mortgage or the making of the improvements destroys any basis for relief as to these improvements. It must be concluded that plaintiff was a volunteer and that she may not invoke the relief which she seeks in this action.

*By the Court.*—Judgment affirmed.